UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
   AURA M. PEREZ,

                      Plaintiff,                             **DECISION & ORDER**
                                                                                             21-CV-04522 (JMW)
      -against-


   WALMART INC,

                      Defendant.
-------------------------------------------------------------X

**A P P E A R A N C E S:**

Joan E Abreu
**Cannon & Acosta, LLP**
1923 New York Avenue
Huntington Station, NY 11746
*For Plaintiff Aura M. Perez*

Patricia A. O'Connor
Thomas M. O'Connor
**Brody, O'Connor & O'Connor, Esq.**
7 Bayview Avenue
Northport, NY 11768
*For Defendant Capital One, N.A.*

**WICKS,** Magistrate Judge:

      This is an action by Plaintiff Aura M. Perez ("Perez") to recover for personal injuries allegedly suffered by Perez when she slipped and fell on spilled laundry detergent on the floor of a Defendant Walmart Inc. ("Walmart") store. (*See* DE 1-1.) During discovery, on March 23, 2022, Defendant served a subpoena on a treating physician, Dr. John Junsuk Lee, for a virtual deposition as a doctor who performed surgery on the Plaintiff and as a medical fact witness. (*See* DE 21; 28.) After multiple attempts to accommodate Dr. Lee, Dr. Lee did not appear for his scheduled deposition. Thereafter, counsel for Defendant could not secure Dr. Lee's cooperation

1

to reschedule the same. (*Id.*) And so, on May 26, 2022, Defendant requested that the undersigned so-order a subpoena in effort to gain Dr. Lee's cooperation. (*Id.*). The undersigned issued a so-ordered subpoena on May 31, 2022, noticing Dr. Lee's deposition for June 14, 2022, at 10:00 AM. (DE 22.) Dr. Lee was served with the so-ordered subpoena on June 6, 2022. (DE 29.)

On June 14, 2022, Defendant wrote to the Court advising that upon service of the so-ordered subpoena, Dr. Lee was responsive to the limited extent of advising that he was unavailable on the subpoena's return date and neither he nor his office were responsive in re-scheduling or confirming the June 14th deposition. (DE 23.) Despite both parties' efforts to confirm Dr. Lee's availability, they were unsuccessful. (*Id.*) Indeed, Dr. Lee did not appear for his scheduled deposition on June 14th. (*Id.*) The parties indicated they met and conferred on the possibility of Defendant serving a motion to hold Dr. Lee in contempt and requested a conference with the undersigned. (*Id.*)

On June 16, 2022, a conference was held before the undersigned wherein the parties advised the Court of Dr. Lee's failure to appear for his so-ordered deposition and discussed a proposed motion for contempt. (DE 25.) Before this Court is Defendant's subsequent application to hold Dr. Lee in contempt of court for failing to apply with the subpoena dated March 14, 2022, directing him to appear for a non-party deposition on April 14, 2022, and for failing to comply with the so-ordered subpoena dated May 31, 2022, ordering Dr. Lee to appear for a deposition on June 14, 2022. (DE 26.)

## **ANALYSIS**

Under Federal Rule of Civil Procedure 45(g), the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related

2

to it." Fed. R. Civ. P. 45(g). Rule 45 applies to non-parties like Dr. Lee. *Gov't Emps. Ins. Co. v. N. Med. Care, P.C.*, No. 20 CV 1214 (FB) (LB), 2021 WL 7906537, at *1 (E.D.N.Y. Nov. 3, 2021), *report and recommendation adopted sub nom. Gov't Emp. Ins. Co. v. N. Med. Care, P.C.*, No. 1:20-CV-01214 (FB) (LB), 2021 WL 7906536 (E.D.N.Y. Dec. 29, 2021). Indeed, the Court has the power to hold a non-party in contempt simply based on the failure to comply with a subpoena. *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 117 (E.D.N.Y. 2008).

There are three essential elements which must be established before a party can be held in civil contempt: 1) there must be an order that is clear and unambiguous; 2) the proof of non-compliance with that order must be clear and convincing; and 3) it must be shown that the contemnor has not been reasonably diligent and energetic in attempting to accomplish what was ordered. *Schmidt v. Stone*, No. 14-CV-2519(RJD)(CLP), 2019 WL 3253953, at *5 (E.D.N.Y. July 18, 2019). Federal magistrate judges are authorized to exercise contempt authority in certain limited circumstances under the Federal Magistrates Act, including, as here, in cases where the magistrate judge presides over the case for all purposes, with the consent of the parties. *See* 28 U.S.C. §§ 636(e)(3), (4); *see Hunter TBA, Inc.*, 250 F.R.D. at 117–18.

The Court has the inherent power to impose civil contempt sanctions to enforce compliance with its orders. *Flannigan v. Vulcan Power Grp.*, LLC, No. 09-CV-8473 (LAP), 2019 WL 3242531, at *5 (S.D.N.Y. July 3, 2019). Such sanctions may include coercive or compensatory monetary sanctions (*e.g.*, per diem monetary sanctions for each day of continued contumacy or awarding the aggrieved party any proven damages) or arrest. *Leser v. U.S. Bank Nat. Ass'n*, No. 09-CV-2362 KAM ALC, 2011 WL 1004708, at *13 (E.D.N.Y. Mar. 18, 2011).

Here, there is no doubt that Dr. Lee utterly failed to comply with the subpoenas by failing to object to or appear for two scheduled depositions. Each subpoena clearly advised Dr. Lee that

3

his appearance was required for a virtual deposition at a named date and time in connection with this action. (*See* DE 21-22.)  Indeed, the Court ordered Dr. Lee to appear for a deposition by so-ordering the May 31, 2022 subpoena.  Affidavits of service demonstrate that Dr. Lee was properly served. (*See* DE 28-29.)  Further, each subpoena warns, on its face, that pursuant to Rule 45(g), the court may hold a person in contempt for their failure to comply.  (DE 21 at 6; DE 22 at 3.)

Understanding Dr. Lee's position as a physician, the parties attempted to accommodate Dr. Lee's schedule, to which Dr. Lee, or his office on his behalf, engaged in limited contact insofar as to advise that Dr. Lee would not be attending his deposition at the scheduled time. (*See* DE 21, 26.)  Dr. Lee made no effort to reschedule or appear for his court-ordered deposition. (*Id.*)  Furthermore, a copy of Defendant's motion for contempt was served on Dr. Lee but Dr. Lee has neither responded nor contacted the parties to comply with the subpoenas. (*See* DE 26.)  Under these circumstances, the Court finds that Defendant has sufficiently satisfied the three elements for a contempt order to issue.  Here, Defendant does not seek monetary sanctions or other sanctions of any kind beyond an order of contempt directing Dr. Lee to appear for a scheduled deposition. Therefore, Dr. Lee is hereby held in contempt of Court and is directed to appear for a deposition at a date and time to be determined by the Defendant but occurring on or before October 14, 2022.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Contempt is hereby GRANTED.  Dr. John Junsuk Lee is hereby held in contempt for violation of the March 14, 2022, and May 31, 2022, subpoenas.  Dr. Lee is directed to appear for a deposition at a date and time *to be determined by the Defendant* but occurring on or before October 14, 2022. Defendant is directed

to personally serve this Decision & Order on Dr. Lee and file proof of service on ECF. In the event Dr. Lee does not comply with this Order in any respect, he is forewarned that the Court will consider an application for monetary sanctions for his continued contumacy.

Dated: Central Islip, New York
September 19, 2022

**S O  O R D E R E D:**

/S/ *James M. Wicks*
James M. Wicks
United States Magistrate Judge